**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re LUNA PIER LAND DEVELOPMENT, LLC,

    Debtor,
_____/

NABIH QASSIS & JULIET QASSIS,

    Plaintiffs-Appellants,

Case No. 06-CV-15180-DT

Bankr. Ct. Nos. 01-46278
01-4876

v.

REPUBLIC BANK,

    Defendant-Appellee.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS'
"MOTION FOR REHEARING" AND "AMENDED MOTION FOR REHEARING," AND
REINSTATING AND DENYING PLAINTIFFS' "MOTION FOR LEAVE TO APPEAL"**

The instant case was initiated on November 20, 2006, by the filing of Plaintiffs-Appellants Nabih and Juliet Qassis's ("Plaintiffs'") "Motion for Leave to Appeal." On January 5, 2007, the court issued an order striking the document for failure to comply with the Federal Rules of Civil Procedure and with the local rules. On January 15, 2007, Plaintiffs timely filed a motion for reconsideration,[1] which was amended on January 18, 2007. No response or hearing is required. *See* E.D. Mich. LR (g)(2). For the reasons stated below, the court will grant the motions for reconsideration, but deny Plaintiffs' "Motion for Leave to Appeal."

---

[1] Plaintiffs motion is actually entitled a "Motion for Rehearing," but the substance of the motion seeks reconsideration of the court's January 5, 2007 Order.

## I. MOTION FOR RECONSIDERATION

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

In the court's January 5, 2007 Order, the court ordered that Plaintiffs' "Motion for Leave to Appeal" be stricken for two primary reasons. First, the motion was prepared and filed in bankruptcy court a full year before the motion appeared on this court's docket. Plaintiffs failed to explain how, a full year later, this unresolved motion came to be transferred and filed in this court. Second, the motion did not comply with the local or federal rules. In Plaintiffs' motion for reconsideration, Plaintiffs' counsel explains that the bankruptcy court, not counsel, was responsible for the delay in transferring the motion to this court.[2] Plaintiffs' counsel further contends that the failure to comply with the local and federal rules was due to excusable neglect, primarily caused by the fact that counsel's secretary resigned around the time the motion was filed and counsel prepared the motion himself. While counsel's excuses ring a little hollow to this court, the court recognizes that striking a court document, and closing a case, is too a harsh a result under the circumstances as now fully explained to the court. Accordingly, the

---

[2]The court is still unclear as to why the motion, which is directed at *this* court, not at the bankruptcy court, was filed in bankruptcy court.

court finds that its earlier conclusion to strike the motion due to what the court now knows was a mistake by the bankruptcy court and simple neglect by counsel was a "palpable defect by which the court [has] . . . been misled."  Correcting this defect requires the court to reinstate Plaintiffs' "Motion for Leave to Appeal" to the court's docket for resolution.

## II.  MOTION FOR LEAVE TO APPEAL

Having reinstated Plaintiffs' "Motion for Leave to Appeal," the court will now resolve it on the merits.  After reviewing the motion and the response, the court finds that a hearing on the motion is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).

### A.  Background[3]

On February 27, 2003, pursuant to 28 U.S.C. § 158, Plaintiffs filed a "Notice of Appeal," seeking review of the bankruptcy court's January 28, 2003 "Opinion and Order Denying Republic Bank's Motion for Summary Judgment and Granting Nabih and Juliet Qassis's Motion for Summary Judgment" and its February 20, 2003 "Order Denying Motion for Reconsideration."  This bankruptcy appeal was resolved by the court's February 12, 2004 order (affirming in part and reversing in part the bankruptcy court's January 28, 2003 order).  (Case No. 03-70830, 2/12/04 Order.)  Plaintiffs filed a motion on April 8, 2004, in which they asked the court to certify that at least a portion of the court's February 12, 2004 order was a final, appealable judgment pursuant to Federal Rule of Civil Procedure 54(b).  The court denied the motion on May 3, 2004.  Specifically, the court found that its "February 12 order did not fully resolve all claims or

---

[3]The relevant procedural history of this bankruptcy case has been set forth in previous orders of the court which the court incorporates, in part, in this order.

3

issues for any of the parties involved." (Case No. 03-70830, 5/03/04 Order at 5.)

The case then proceeded in the bankruptcy court. On May 23, 2005, the bankruptcy court issued an order which apparently resolved the remaining issues pending before the bankruptcy court. No appeal was filed in this court of the bankruptcy court's May 23, 2005 order.

Instead, Plaintiffs appealed this court's February 12, 2004 order and May 3, 2004 order to the United States Court of Appeals for the Sixth Circuit on June 24, 2005. On September 26, 2005, the Sixth Circuit issued an order dismissing the appeal for lack of jurisdiction. The Sixth Circuit determined that the "February 12, 2004, order is not a final, appealable ruling." *In re Luna Pier Land Development, L.L.C.,* Nos. 05-1916/1965 (9/26/05 Order at 1.) The Sixth Circuit went on to explain that "the May 23, 2005, decision of the bankruptcy court is appealable to the district court pursuant to 28 U.S.C. § 158(a). Decisions of the bankruptcy court, however, are not appealable [directly to the Sixth Circuit]." *Id.* at 1-2.

After the Sixth Circuit dismissed their appeal, Plaintiffs filed a motion before this court, requesting that the court enter an order pursuant to Federal Rule of Civil Procedure 54(b). (Case No. 03-70830, 10/11/05 Mot.) The motion was denied on November 2, 2005. (Case No. 03-70830, 11/02/05 Order.) The court held:

> As this court originally held in its May 3, 2004 order, the court's February 12, 2004 order is not appealable because it resolved only part, but not all, of Plaintiff's mortgage priority claim. (5/03/04 Order at 3.) The Sixth Circuit affirmed this holding and explained in its September 26, 2005 Order that while Plaintiff cannot appeal the February 12, 2004 Order, the May 23, 2005 order of the bankruptcy court is appealable. *In re Luna Pier Land Development, L.L.C.,* Nos. 05-1916/1965 (9/26/05 Order at 2.) Plaintiff, however, cannot accomplish an appeal by simply filing a motion in this case to certify the case for appeal. The bankruptcy court's order

4

> first must be appealed to this court by following the relevant court rules. (*Id.* at 2-3.) After the appeal is decided in this court, it may be appealed to the Sixth Circuit. Indeed, this court also alluded to this procedure in its May 3, 2004 order. (5/03/04 Order at 7 ("Once the lower court resolves the remaining issues surrounding the priority of Plaintiffs' mortgage, *the entire claim will be finally determined and more ripe for appellate review.*") (emphasis added).)

(*Id.* at 3-4.) The court also stated, "[t]he appeal would be filed in the clerk's office of the United States District Court for the Eastern District of Michigan, thus initiating a new district court case. The appeal would not simply be filed directly in this case." (*Id.* at 3, n.1.)

About ten days after the court issued its order, Plaintiffs once again utilized an improper procedure by filing the instant motion in bankruptcy court. The motion was transferred to this court about one year later. In their motion, Plaintiffs seek to appeal this court's February 12, 2004 order, now that the bankruptcy court action has been fully resolved in light of the bankruptcy court's May 23, 2005 order. Plaintiffs purportedly file their motion pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8003, but neither authority provides Plaintiffs any relief. Under 28 U.S.C. § 158(a)(3), leave is only required to file interlocutory appeals and Bankruptcy Rule 8003 likewise applies to interlocutory appeals. Plaintiffs thus appear to persist in their attempt, despite multiple orders to the contrary, to seek an interlocutory appeal of the February 12, 2004 order. As this court and the Sixth Circuit have made clear, Plaintiffs' only recourse to challenge the February 12, 2004 order was to file a final appeal from the bankruptcy court's May 23, 2005 order. The time for appealing this order has long-since passed, *see* Bankr. R. 8002, and Plaintiffs may not use 28 U.S.C. § 158(a) or Bankruptcy Rule 8003 to revitalize an untimely appeal. Plaintiffs' motion will therefore be denied.

## III.  CONCLUSION

IT IS ORDERED that Plaintiffs' motion for reconsideration and "Amended Motion for Rehearing" [Dkt. ## 3 & 7] are GRANTED and Plaintiffs "Motion for Leave to Appeal" [Dkt. # 1] is hereby REINSTATED to the docket of this court.

IT IS FURTHER ORDERED that Plaintiffs "Motion for Leave to Appeal" [Dkt. # 1] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  May 29, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 29, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522